ALOYSIUS MESGLESKI, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT.

Decided May 10, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the rule, *Henry H. Fryling* and *Harold F. Dorgeval.*

*Contra, Francis A. Gordon.*

PER CURIAM.

The plaintiff brought the present suit to recover compensation for personal injuries received by him in the collision of an automobile truck, which he owned and was driving, with a trolley car of the defendant company. He also asked compensation for loss of earnings resulting from his injuries, for the medical expenses incurred by him by reason thereof and for damage to his truck. The trial resulted in a verdict in his favor, the jury awarding him $11,000 damages.

The first ground upon which we are asked to set aside the verdict of the plaintiff is that the finding of the jury is against the clear weight of the evidence on the issue of negligence on the part of the defendant's motorman, as well as on the issue of contributory negligence on the part of the plain-

tiff. According to the testimony submitted by the plaintiff and his witnesses, the plaintiff, who was engaged in the ice and wood business, on the morning of June 2d, 1928, drove his truck to the plant of the Consumers' Ice Company, which was located on the northerly side of East Grand street, in the city of Elizabeth. He went there for the purpose of obtaining a load of ice, passed through the driveway of the company and up to the loading platform, and received and placed in his truck thirty blocks of artificial ice, weighing about three hundred pounds each. He then turned and drove out to the street. On each side of this private driveway buildings had been erected, which abutted on the sidewalk and prevented a view of East Grand street in either direction until the plaintiff passed the line of these buildings. When he had done this he looked in both directions, and saw the trolley car of the defendant approaching the ice company's plant and about two hundred and fifty yards away. Assuming that he had plenty of time to do so, he drove across the sidewalk, which was approximately twelve feet wide, and then onto the roadway. The track upon which the trolley car was approaching was about ten and one-half feet from the curb line. After having crossed the sidewalk, he looked again, and saw the trolley car, which was then about one hundred feet away. At that time the front of his truck was practically on the first rail of the track. He assumed that he had plenty of time to cross the track and that the motorman would recognize his right to do so, and proceeded over toward the other side of the track for the purpose of turning to the left and proceeding down East Grand street. When most of the truck had crossed the track, the trolley car smashed into the rear end of it, and as a result of the collision he was quite seriously hurt and his truck damaged. The testimony on the part of the defendant was that just before the collision the trolley car was being driven at a reasonable rate of speed, not more than twelve to fifteen miles an hour; that as he approached the plant of the Consumers' Ice Company, the motorman saw the plaintiff's truck coming out of the driveway, and immediately sounded his bell and applied the brakes

and pulled on his emergency; that, notwithstanding this, the truck driver made no attempt to stop, and the collision occurred as the result of the truck driver's negligence in proceeding across the track.

Whether the accident occurred under the conditions testified to by the plaintiff's witnesses or under the conditions testified to by the witnesses called on the part of the defendant was a matter to be settled by the jury. Evidently the jury believed the testimony of the plaintiff's witnesses, and we cannot say that it was not justified in doing so. Accepting that testimony as an accurate description of the conditions under which the accident happened, the jury was justified in finding that the collision occurred solely through the negligence of the driver of the trolley car and was not contributed to by any negligence on the part of the plaintiff. We conclude that the first point urged as a ground for setting aside the verdict is without merit.

The second ground urged on behalf of the defendant for setting aside the verdict is that the trial court erroneously refused the defendant's requests to withdraw from the jury certain elements of damage, and in doing so permitted the jury to find and the plaintiff to recover a double measure of damages for the same item of loss. Our examination of the testimony in the case bearing upon the question of the compensation that the plaintiff was entitled to recover satisfies us that this contention is without merit, and that the jury was not permitted to find a double measure of damages for the same item of loss, as counsel, without justification, as we think, assert.

The next contention on the part of the defendant is that the trial judge erroneously refused to permit the attorney for the defendant to ask the plaintiff on his cross-examination whether or not he filed an income tax return. We find no error in this refusal. Whether or not the plaintiff filed an income tax return had no relevancy on the question of his right to recover, nor, as we see it, on the question of the amount of the loss sustained by him in the carrying on of his business as a result of the accident.

The next point is that the trial judge erred in admitting testimony offered by the plaintiff to prove the cost of repair to his truck, the contention being that the witness called to so testify was not properly qualified. The testimony of the witness satisfies us that he was thoroughly qualified to testify to this fact.

Next, it is argued that the trial judge erred in charging the jury in effect that, if it was satisfied from the proofs that the negligence of the driver of the defendant's trolley car caused the accident, it should render a verdict in favor of the plaintiff. The argument in support of this contention is that the instruction allowed the jury to find in favor of the plaintiff, notwithstanding the fact that it was satisfied that he was guilty of contributory negligence. In arguing this point, counsel for the defendant apparently overlooked the fact that, after the attention of the trial judge had been called to this instruction and before the jury retired, he corrected it and told the jury that, no matter whether or not the negligence of the driver of the car was a producing cause of the collision, the plaintiff could not recover for this reason unless it also appeared that he did not contribute to the collision by his own negligence. This correction nullifies the contention of the defendant on this point.

It is next argued as a ground for setting aside the verdict that the trial judge erred in refusing to permit the attorney of the defendant to ask a witness called by him certain questions with relation to a conversation which the witness had with a witness produced on the part of the plaintiff. There was no suggestion that the purpose of the inquiry was to show that the plaintiff's witness had previously made a statement which contradicted the testimony given by him on the witness stand, and for this reason the court properly excluded it, for conversations between third parties not in the presence of the plaintiff are not competent except for the purpose indicated.

Lastly, it is argued that the verdict of $11,000 is excessive. Our examination of the proofs submitted on the ques-

tion of damages leads us to the conclusion that this contention is well founded and that the injuries received by the plaintiff were not in fact anything like as severe as he asserted, although they were quite serious in character.

If the plaintiff will consent to have the verdict reduced to $7,000, he may enter judgment for that amount. Otherwise the rule to show cause will be made absolute.